

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | |
|---|---|
| *970 Broad Street, Suite 700* | *973/645-2700* |
| *Newark, NJ 07102* | |

2006R01128/PJD

February 3, 2011

James A. Mitchell
Stillman, Friedman & Shechtman, P.C.
425 Park Avenue, 26th Floor
New York, NY 10022

*11-256-01*

Re:  <u>Plea Agreement with Staff Gasket Manufacturing Corp.</u>

Dear Mr. Mitchell:

This letter sets forth the plea agreement between your client, Staff Gasket Manufacturing Corporation ("Staff Gasket"), and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Staff Gasket to a two-count Information that charges wire fraud scheme, in violation of 18 U.S.C. § 1343 and violations of United States export control laws, in violation of 22 U.S.C. § 2778.  If Staff Gasket enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Staff Gasket for its involvement in a wire fraud conspiracy and making false statements to the United States from July 15, 2004 through March 16, 2006, and for its involvement in the illegal export of technical data and articles between on or about July 15, 2004 and on or about March 16, 2006.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Staff Gasket agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Staff Gasket may be commenced against it, notwithstanding the expiration of the limitations period after Staff Gasket signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1343 to which Staff Gasket agrees to plead guilty carries a statutory maximum fine equal to

the greatest of:   (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 22 U.S.C. § 2778 to which Staff Gasket agrees to plead guilty carries a statutory maximum fine equal to the greatest of:   (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Staff Gasket is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.   The United States Sentencing Guidelines are advisory, not mandatory.   The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.   This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Staff Gasket ultimately will receive.

Further, in addition to imposing any other penalty on Staff Gasket, the sentencing judge:   (1) will order Staff Gasket to pay an assessment of $400 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Staff Gasket to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq. and U.S. Sentencing Guideline § 8B1.1;   (3) may order Staff Gasket, pursuant to 18 U.S.C. § 3555, to give notice to any victims of its offense; and (4) pursuant to 18 U.S.C. § 3561, may require Staff Gasket to serve a term of probation of not less than one (1) year, but no more than five (5) years.

Restitution

In addition, Staff Gasket agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to the Department of Defense, Attn: DFAS-Columbus, P.O. Box 182317, Columbus, OH 43218-2317, in the amount of $751,091.   Staff Gasket agrees that full restitution will be made on or before the date of sentencing.

- 2 -

Forfeiture

Staff Gasket agrees that as part of its acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, it will forfeit to the United States the following specific property: $50,000 (the "Forfeitable Property"). Staff Gasket acknowledges that the Forfeitable Property is subject to forfeiture as any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense.

All right, title, and interest in the Forfeitable Property, and all proceeds traceable thereto, shall be transferred or delivered to the United States Marshals Service on or before the date Staff Gasket enters its plea of guilty pursuant to this agreement.

Staff Gasket further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Staff Gasket agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waive the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Staff Gasket understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise it of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Staff Gasket hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Staff Gasket by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition,

- 3 -

this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Staff Gasket's activities and relevant conduct with respect to this case.

Stipulations

        This Office and Staff Gasket agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Staff Gasket from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

        As set forth in Schedule A, this Office and Staff Gasket waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

        This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Staff Gasket. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, the Department of Defense, or the Department of State), or any third party from initiating or prosecuting any civil or administrative proceeding against Staff Gasket.

No Other Promises

This agreement constitutes the plea agreement between Staff Gasket and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Philip James Degnan
Assistant U.S. Attorney

APPROVED:

Sabrina G. Comizzoli
Counsel to the U.S. Attorney

- 5 -

I have received this letter from my attorney, James A. Mitchell, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and forfeiture. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. In my capacity as majority member of Staff Gasket, I am authorized to state, and do state, that Staff Gasket wants to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____        Date: 4/04/11
Eric Helf,
for and on behalf of
Staff Gasket Manufacturing Corporation




        I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and forfeiture. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____        Date: 4/4/1
James A. Mitchell, Esq.


- 6 -

Plea Agreement With Staff Gasket

Schedule A

1.   This Office and Staff Gasket recognize that the United States Sentencing Guidelines ("U.S.S.G.") are not binding upon the Court.  This Office and Staff Gasket nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Staff Gasket within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Staff Gasket further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.   The version of the United States Sentencing Guidelines effective November 1, 2010 applies in this case. Chapter 8 of the United States Sentencing Guidelines applies as Staff Gasket is an "organization" as defined in U.S.S.G. § 8A1.1. The parties agree that the Court should determine what, if any, sentence requirements should be imposed under U.S.S.G. § 8A1.2, including restitution, remedial orders, community service, and notice to victims.

WIRE FRAUD CONSPIRACY

3.   The parties agree that the Court should apply U.S.S.G. § 8C1.1 to set any fine that might be imposed.

4.   Pursuant to U.S.S.G. § 8C2.1, "the provisions of §§ 8C2.2 through 8C2.9 apply to each count for which the applicable guideline offense level is determined" under subsections (a) and (b).  Pursuant to subsection (a) and because the substantive offense is wire fraud, U.S.S.G. § 2B1.1 applies and carries a Base Offense Level of 7.  See U.S.S.G. § 2B1.1(a)(2).

5.   The loss involved in the criminal conduct is $751,091, which is more than $400,000, but less than $1,000,000. Therefore, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), the offense level is increased by 14 levels.

6.   Pursuant to U.S.S.G. §§ 8A1.2(b)(2)(C), 8C2.4(a)(1), and 8C2.4(d), the base fine is $910,000.

7.   Pursuant to U.S.S.G. §§ 8A1.2(b)(2)(D) and 8C2.5(a) & (b)(5), Staff Gasket's culpability score is 6 points.

8.   As of the date of this letter, Staff Gasket has

- 7 -

fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for the offense charged.  Therefore, a downward adjustment of 2 points for acceptance of responsibility is appropriate if Staff Gasket's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 8C2.5(g)(2).

9.   The parties agree that the total Guidelines offense level applicable to Staff Gasket is 21, that the applicable base fine is $910,000, and that the total culpability score applicable to Staff Gasket is 4 (the "agreed total Guidelines culpability score").

10.   Pursuant to U.S.S.G. §§ 8A1.2(b)(2)(E) and 8C2.6, the minimum fine multiplier is .80, and the maximum fine multiplier is 1.60.

11.   Pursuant to U.S.S.G. §§ 8A1.2(b)(2)(F) and 8C2.7 (a) & (b), the minimum guideline fine range is $728,000, and the maximum guideline fine range is $1,456,000.  Under the alternative fine provisions in 18 U.S.C. § 3571(d), the maximum allowable fine is "twice the gross gain" derived by the offender, which, in this case, is $1,502,182.

EXPORT CONTROL VIOLATIONS

12.   The applicable offense guideline to a violation of 22 U.S.C. § 2778 is U.S.S.G. § 2M5.2.  Pursuant to U.S.S.G. § 8C2.1, comment. (backg'd), this offense is not subject to the fine guideline provisions of §§ 8C2.2 through 8C2.9.

13.   Pursuant to U.S.S.G. § 8C2.10, the applicable fine for this count should be determined through the application of 18 U.S.C. §§ 3553 and 3572.

CONCLUSION

14.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 21 and agreed total Guidelines culpability score of 4 is reasonable.

15.   Staff Gasket reserves the right to apply for a reduction in the fine amount pursuant to U.S.S.G. §§ 8C3.3 and 8C3.4.  The United States reserves the right to oppose such a motion.

16.   Staff Gasket knows that it has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21 and total Guidelines range that results from the agreed total Guidelines culpability score of 4.   This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21 and total Guidelines range that results from the agreed total Guidelines culpability score of 4.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.